UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRICK ERWIN NORMAN** | : | **CIVIL ACTION NO. 2:12-cv-1595** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KENNETH NAQUIN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is civil rights complaint by plaintiff, Patrick Norman, filed on June 11, 2012.  Doc. 1.

At the time plaintiff filed this complaint, he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections, housed in the C. Paul Phelps Correctional Center ("CPP") in DeQuincy, Louisiana.  Plaintiff was later transferred to Richwood Correctional Center, Monroe, Louisiana.  Doc. 3.  On July 24, 2012, the court received a letter from Richwood Correctional Center stating that plaintiff had been released from custody.  Doc. 9.

Plaintiff previously moved for leave to proceed *in forma pauperis*, and on July 17, 2012, the court granted that motion.  Doc. 8.  A copy of the order which granted the motion was forwarded to plaintiff at his last known address.  The correspondence previously forwarded was returned to the court with the notation "return to sender, refused, unable to forward."  Doc. 10.

A district court may dismiss an action if the plaintiff fails to prosecute the case.  Fed. R. Civ. P. 41(b).  "The court possesses the inherent authority to dismiss the action *sua sponte, without motion by a defendant*."  *McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).  "The power to invoke this sanction is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30.

Local Rule 41.3 of the United States District Court, Western District of Louisiana provides the following:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days have elapsed since the court's correspondence was returned.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 2nd day of March, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE